| | |
|---|---|
| D.S. and J.R. o/b/o A.S., | : UNITED STATES DISTRICT |
| | : COURT FOR THE DISTRICT OF |
| Plaintiffs, | : NEW JERSEY |
| | : |
| | : CIVIL CASE NO.: 2:23-cv-3800 |
| v. | : |
| | : MOTION DAY: DECEMBER 4, 2023 |
| TENAFLY BOARD OF | : |
| EDUCATION | : |
| | : |
| Defendant. | : |
| | : |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN LIEU OF ANSWER PURSUANT TO FED. R. CIV. P. 12(b)(5), (b)(2)

STACEY THERESE CHERRY
FOGARTY & HARA, ESQS.
21-00 Route 208 South
Fair Lawn, New Jersey 07410
Telephone (201) 791-3340
Facsimile (201) 791-3432
scherry@fogartyandhara.com

Attorneys for Defendant

Stacey Therese Cherry
 Of Counsel and On the Brief

Sean W. Fogarty
 On the Brief

Oral Argument Requested

{F&H00175849.DOCX/14}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 1

STANDARD OF REVIEW ............................................................................ 3

LEGAL ARGUMENT .................................................................................. 4

    I.    The Court should dismiss Plaintiffs' Complaint since Plaintiffs failed to properly and timely serve the Board. ..................................... 4

        A.  Plaintiffs did not properly serve or attempt to properly serve the Board as required by Fed. R. Civ. P. 4(j). ................................ 4

        B.  Plaintiffs did not comply with the timeline for service set forth by Fed. R. Civ. P. 4(m). ........................................................ 8

CONCLUSION .......................................................................................... 9

i

# TABLE OF AUTHORITIES

**Cases**

Atkins v. Creighton Elementary Sch. Dist.,
584 F. App'x 432 (9th Cir. 2014)......................................................................5

Ayres v. Jacobs & Crumplar, P.A.,
99 F.3d 565 (3d Cir. 1996) ...............................................................................4

Colclough v. Gwinnett Pub. Schs.,
734 F. App'x 660 n. 2 (11th Cir. 2018) ............................................................5

Dayhoff Inc. v. H.J. Heinz Co.,
86 F.3d 1287 (3d Cir. 1996) .............................................................................4

First Response v. New Jersey,
No. 21-1458, 2023 WL 3043633, at *3-5 (D.N.J. Apr. 21, 2023)....................9

Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.,
988 F.2d 476 (3d Cir. 1993) .............................................................................3

Johnson v. New York City Bd. of Educ.,
23 F. App'x 70 (2d Cir. 2001) ..........................................................................5

L.J. v. Audubon Bd. of Educ.,
No. 06-5350, 2007 WL 2446530, at *3 (D.N.J. Aug. 22, 2007) ......................5

Mitchell v. Theriault,
516 F. Supp. 2d 450 (M.D. P.a. 2007)...............................................................3

Shorter v. N.J. Div. of Pension & Benefits,
No. 22-02062, 2023 WL 2808071, at *2-4 (D.N.J. Apr. 6, 2023)....................7

Thompson v. N.J. Dep't of Corr.,
No. 17-11768, 2019 WL 2206174, at *2 (D.N.J. May 22, 2019)......................5

**Statutes**

N.J.S.A. 18A:17-5.............................................................................................6

N.J.S.A. 18A:17A-3...........................................................................................6

**Rules**

Fed. R. Civ. P. 4(c)(1) ...................................................................................8

Fed. R. Civ. P. 4(d) ......................................................................................7

Fed. R. Civ. P. 4(d)(1) ...............................................................................3, 7

Fed. R. Civ. P. 4(d)(1)(F) ..............................................................................3

Fed. R. Civ. P. 4(j) ..............................................................................4, 5, 8, 9

Fed. R. Civ. P. 4(j)(2) ................................................................................4, 7

Fed. R. Civ. P. 4(j)(2)(A) ...........................................................................6, 7

Fed. R. Civ. P. 4(j)(2)(B) ...............................................................................6

Fed. R. Civ. P. 4(m) ...........................................................................2, 4, 8, 9

Fed. R. Civ. P. 6(a)(1)(C) ...........................................................................2, 8

Fed. R. Civ. P. 12(b)(2) ...............................................................................3, 9

Fed. R. Civ. P. 12(b)(5) ...............................................................................3, 9

N.J. Court Rule 4:4-4(a)(8) ..........................................................................5, 6

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Tenafly Board of Education (the "Board"), with offices at 500 Tenafly Road, Tenafly, New Jersey, 07670, operates the Tenafly School District (the "District"), a kindergarten through twelfth grade public school district responsible for educating students domiciled within its jurisdiction. (Cherry Cert. ¶ 2). The Plaintiffs reside within the District and their son, A.S., is a student in the District who is eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA") and New Jersey's implementing regulations. (Cherry Cert. ¶ 3).

A dispute arose regarding the special education services provided to A.S. by the District and the Plaintiffs filed a request for due process with the New Jersey Office of Special Education on November 11, 2021. (Cherry Cert. ¶ 4). The matter was subsequently transmitted to the New Jersey Office of Administrative Law for a due process hearing, where the Honorable Susana E. Guerrero, Administrative Law Judge ("ALJ") conducted a hearing on June 6, 2022, September 28, 2022, October 19, 2022, October 20, 2022, and October 21, 2022. (Id.) After closing the record, on May 1, 2023, ALJ Guerrero rendered a final administrative decision (the "Decision") which denied Plaintiffs' demands for relief and dismissed their claims for tuition reimbursement for the unilateral placement of their son. (Cherry Cert. ¶ 5).

Plaintiffs filed an appeal of ALJ Guerrero's Decision in New Jersey Federal District Court on July 17, 2023 by filing a Complaint electronically via PACER. (Cherry Cert. ¶ 6). Included with the Complaint filing was a Proof of Service from Plaintiffs' counsel which incorrectly certified that a courtesy copy of the Complaint was served on Defendant's counsel on July 17, 2023. (Cherry Cert. ¶ 7). Plaintiffs did not send a courtesy copy to Defendant's counsel via e-mail and regular mail until two days later, July 19, 2023. (Id.)

On July 17, 2023, Plaintiffs filed a request for issuance of a summons with the District Court Clerk via PACER. (Cherry Cert. ¶ 6). The Clerk issued the Summons via PACER on the same day, July 17, 2023. (Id.) Under the Federal Rules of Civil Procedure Plaintiffs had ninety days from the date they filed the July 17, 2023 Complaint to serve Defendant with a copy of the Summons and Complaint. (Cherry Cert. ¶ 7).[1] Ninety days from July 17, 2023, was Sunday, October 15, 2023; accordingly, the last possible date to serve the Summons and Complaint was Monday, October 16, 2023.[2]

On September 27, 2023 and again on November 8, 2023, Plaintiffs sent a waiver form to Defendant's counsel—not Defendant—via e-mail. (Cherry Cert. ¶ 9-10). Under the Rules, *if* Defendant was subject to waiving service and *if* Defendant

---

[1] Fed. R. Civ. P. 4(m).
[2] Fed. R. Civ. P. 6(a)(1)(C).

had been properly served with a waiver request, Defendant had thirty days to return such a waiver, in the event it wished to do so.[3]  Plaintiffs did not send the required "Notice of a Lawsuit and Request to Waive Service of a Summons" form along with the waiver form. (Id.) Plaintiffs also did not send anything directly to Defendant. (Ben-David Cert. ¶¶4-6; Anaya Cert. ¶¶4-6). Further, thirty days from the first e-mail sent by Plaintiff's counsel on September 27, 2023, was October 27, 2023, well after service had to be complete.

As of the filing of this motion, Defendant was never properly served with a copy of Plaintiffs' Summons and Complaint, nor had it received a compliant request to waive service. (Ben-David Cert. ¶ 4-6; Anaya Cert. ¶ 4-6).

## STANDARD OF REVIEW

Defendant's Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)"), which permits dismissal of a complaint for 'insufficiency of service of process." In contesting such a motion the "party asserting the validity of service bears the burden of proof on that issue." Mitchell v. Theriault, 516 F. Supp. 2d 450, 452 (M.D. P.a. 2007) (quoting Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

Defendant also brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") which permits dismissal of a complaint for lack of

---

[3] Fed. R. Civ. P. 4(d)(1) and 4(d)(1)(F).

personal jurisdiction.  Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) (holding that a District Court obtains personal jurisdiction over a defendant through effective and timely service of the summons and complaint). Where there is a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving either by "affidavits or other competent evidence" that personal jurisdiction is proper. Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).

Therefore, on this motion Plaintiffs bear the burden of demonstrating that they effectuated proper service of the Summons and Complaint on Defendant in this matter to permit the Court to have personal jurisdiction over Defendant.

## LEGAL ARGUMENT

### I.  The Court should dismiss Plaintiffs' Complaint since Plaintiffs failed to properly serve the Board.

Plaintiff cannot seriously dispute that they have not complied with the requirements to serve the Summons and Complaint. They have not served Defendant in any fashion authorized by Rule 4(j). Nor have they served the Summons and Complaint within the time period provided by Rule 4(m). These facts permit only one result: dismissal of the Complaint.

#### A.  Plaintiffs did not properly serve or attempt to properly serve the Board as required by Fed. R. Civ. P. 4(j).

As a threshold matter Plaintiffs did not effectuate proper service on the Board as required by Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) applies because

the Board is a local government entity. <u>Colclough v. Gwinnett Pub. Schs.</u>, 734 F. App'x 660, 662 n. 2 (11th Cir. 2018); <u>Atkins v. Creighton Elementary Sch. Dist.</u>, 584 F. App'x 432, 433 (9th Cir. 2014); <u>Johnson v. New York City Bd. of Educ.</u>, 23 F. App'x 70, 71 (2d Cir. 2001); <u>L.J. v. Audubon Bd. of Educ.</u>, No. 06-5350, 2007 WL 2446530, at *3 (D.N.J. Aug. 22, 2007).

Rule 4(j) provides two options for Plaintiffs to serve the Board. Plaintiffs can either deliver a copy of the Summons and Complaint to the government entity's chief executive officer or serve the Summons and Complaint "in the manner prescribed by [New Jersey] law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). The relevant provision of the New Jersey Rules of Court provide that service on "other public bodies" is made upon the "presiding officer" or "the clerk or secretary thereof" via either 1) personal service of the Summons and Complaint, 2) leaving a copy of the Summons and Complaint at their "dwelling place or usual place of abode" with a competent member of the household over the age of fourteen who resides therein, or 3) "by delivering a copy thereof to a person authorized by appointment or law to receive service of process on the individual's behalf." N.J. Court Rule 4:4-4(a)(8); <u>Thompson v. N.J. Dep't of Corr.</u>, No. 17-11768, 2019 WL 2206174, at *2 (D.N.J. May 22, 2019). Plaintiff never provided any of these individuals with a copy of the Complaint and Summons and, therefore, the

Plaintiffs' Complaint must be dismissed. (Ben-David Cert. ¶¶ 4-5; Anaya Cert. ¶¶ 4-5).

First, Plaintiffs did not deliver a copy of the Summons or Complaint to the "chief executive officer" of the Board. N.J.S.A. 18A:17A-3 provides in relevant part: "The executive superintendent shall be the chief executive officer and administrator of the district." Plaintiffs never served or attempted to serve the District's Superintendent, Michael Ben-David. (Ben-David Cert. ¶¶ 4-5). Therefore, service was not completed under Rule 4(j)(2)(A).

Moreover, Plaintiffs did not serve or attempt to serve a copy of the Summons and Complaint on the Board in the manner prescribed by the New Jersey Rules of Court. N.J. Court Rule 4:4-4(a)(8) provides that service upon other public bodies is completed by serving a copy of the summons and complaint "on the presiding officer or on the clerk or secretary thereof." As discussed above, Superintendent Ben-David never received a copy of the Summons and Complaint. (Ben-David Cert. ¶¶ 4-5).

Plaintiffs also did not serve the secretary of the Board, Dr. Victor Anaya ("Anaya"). (Anaya Cert. ¶¶4-5). Dr. Anaya is the appointed as the secretary of the Board ("Secretary") in accordance with N.J.S.A. 18A:17-5. Secretary Anaya never received a copy of the Summons and Complaint. (Anaya Cert. ¶¶ 4-5). Accordingly, service was not completed under Rule 4(j)(2)(B).

Plaintiffs' only attempt at service was e-mailing and mailing a copy of the Summons and Complaint to the Board's counsel on July 19, 2023 and subsequently e-mailing the Board's counsel a duplicate copy of the Complaint and waiver form on September 27, 2023 and November 8, 2023. (Cherry Cert. ¶¶ 9-10). The Board's counsel in the underlying administrative litigation before the Office of Administrative Law is not the "chief executive officer" nor the secretary of the board or a clerk thereof. Therefore, forwarding of a copy of Complaint, Summons, and waiver form to the Board's counsel was also insufficient under Federal Rule of Civil Procedure 4(j)(2). See Shorter v. N.J. Div. of Pension & Benefits, No. 22-02062, 2023 WL 2808071, at *2-4 (D.N.J. Apr. 6, 2023) (explaining that service on an employee other than chief executive officer was not proper service under Rule 4(j)(2) or the New Jersey Court Rules). Accordingly, Defendant was not served.

In addition, even *if* the request to waive service was properly requested—which it was not—the waiver of service procedure in Federal Rules of Civil Procedure 4(d) ("Rule 4(d)") does not apply to local school boards. Fed. R. Civ. P. 4(d)(1) (stating that only an individual, a corporation, or an association are subject to service by waiver). Thus, Plaintiffs' effort to serve the Board by requesting a waiver of service from the Board's counsel was wholly insufficient under Rule 4(j)(2)(A) and, even if it was done correctly—which it was not—was not authorized under Rule 4(d)(1).  Fed. R. Civ. P. 4(d)(1).

In light of these facts, this Court must hold that the copies sent by Plaintiffs'

counsel to the Board's counsel do not qualify as proper service under Rule 4(j) .

### B. Plaintiffs did not comply with the timeline for service set forth by Fed. R. Civ. P. 4(m).

In addition to failing to properly serve the Complaint, there can be no dispute

as to the proper deadlines for service in this matter and that Plaintiffs failed to

comply with them. Under Federal Rule of Civil Procedure 4(c)(1) "The plaintiff is

responsible for having the summons and complaint served within the time allowed

by Rule 4(m)." Rule 4(m) imposes a ninety-day time limit for service of summons

and complaint following the filing of the complaint. If a defendant is not properly

served within that timeframe Rule 4(m) provides that:

> the court--on motion or on its own after notice to the plaintiff-must
> dismiss the action without prejudice against that defendant or order that
> service be made within a specified time. But if the plaintiff shows good
> cause for the failure, the court must extend the time for service of an
> appropriate period.

Ninety days from July 17 was Sunday, October 15, 2023. Since October 15

was a Sunday, Plaintiffs had until the end of the next business day, October 16, to

effectuate proper service. Fed. R. Civ. P. 6(a)(1)(C). Therefore, October 16, 2023,

was the last day on which Plaintiffs could have served the Board under Rule 4(m).

Since the Board was not properly served at any point—let alone by October 16—

this Court must also find that Plaintiffs failed to properly serve the Board within

ninety days of July 17, 2023 as required Rule 4(m). <u>First Response v. New Jersey</u>, No. 21-1458, 2023 WL 3043633, at *3-5 (D.N.J. Apr. 21, 2023).

<b>CONCLUSION</b>

Plaintiffs never attempted proper service of the Board under Rule 4(j) nor did they serve the Board in the timeframe required by Rule 4(m). Therefore, Plaintiffs' Complaint must be dismissed pursuant to Rules 12(b)(5) and 12(b)(2).

Respectfully submitted,

FOGARTY & HARA, ESQS.

BY:   */s/ Stacey Therese Cherry*
      STACEY THERESE CHERRY

DATED: November 9, 2023